# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 19-1712V
### UNPUBLISHED

| | |
|---|---|
| JAIME LEHMAN,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 16, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.

*Debra A. Filteau Begley*, U.S. Department of Justice, Washington, DC, for respondent.

### **RULING ON ENTITLEMENT**[1]

On November 4, 2019, Jaime Lehman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – Shoulder Injury Related to Vaccine Administration (SIRVA) – as a result of his November 8, 2017 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 15, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Specifically, Respondent indicates that he has

> has reviewed the petition and medical records filed in this case and has concluded that compensation is appropriate because petitioner meets the criteria for a presumed SIRVA, as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation or dysfunction in his left shoulder; his pain occurred within 48 hours of receipt of an intramuscular vaccination; his pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain his symptoms. 42 C.F.R. § 100.3(a), (c)(10); 42 U.S.C. § 300aa-13(a)(1)(B).

*Id.* at 4.  Respondent further agrees that "the statutory six-month sequela requirement has been satisfied. See 42 U.S.C. § 300aa-11(c)(D)(I). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act." *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master